No. 3157.—JOHN H. KENNARD et al. *v.* A. D. LAFARGUE, President of the Police Jury of the Parish of Avoyelles.

A contract made with a levee inspector of a parish to construct a levee, under an ordinance of the police jury, is not affected by the subsequent repeal of the ordinance.

The act No. 312 of 1855, conferring authority on the police juries of all the parishes of the State to pass all such ordinances as they may deem necessary relative to roads, levees, bridges and ditches, is not repealed by the act of the seventeenth of February, 1866, entitled "An Act to ratify the appointment of levee commissioners previously made by the Governor of the State, and to continue their functions." This act only repealed such parts of the act of 1855 as conflicts with its provisions. Therefore the police jury of the parish of Avoyelles was authorized by the act of 1855, notwithstanding the act of 1866, to pass an ordinance authorizing certain levees within the parish to be built and to bind the parish for the payment of the cost of building the same.

APPEAL from the Seventh District Court, parish of Avoyelles. *Miller*, J. *Irion & Thorpe*, for plaintiffs and appellees. *A. H. Bordelon*, for defendant and appellant.

WYLY, J. The police jury of the parish of Avoyelles is sued by the plaintiffs on three drafts, drawn by the levee inspector of said parish on the collector of the levee fund, for the amount alleged to be due them on a contract for building a levee in 1867, on the right bank of Bayou de Glaises, containing 7863 cubic yards, at thirty cents per yard.·

The defense is, besides the general issue, a denial that J. J. B. Kirk, who secured the services of the plaintiffs, ever was levee inspector and had authority to bind the parish of Avoyelles in said capacity; that he had no authority to draw the drafts, and that the lands upon which said levee was pretended to be built, were never previously assessed as required by the levee law. The respondent also averred that even if the said Kirk had authority to contract with the plaintiffs for the construction of the levee alleged to have been built, before entering into the performance of said work they were required to furnish a bond for the faithful performance of the contract, and that the document purporting to be a bond given by them is not such, because there were no internal revenue stamps affixed to it, as required by law.

On the issues stated the parties went to trial, which resulted in a judgment for the plaintiffs, as prayed for. The defendant has appealed.

What the parties term the levee law is an ordinance of the police jury, at the May term of 1867, dividing the parish of Avoyelles into road and levee districts, authorizing the appointment of levee inspectors and providing for the repairs and construction of roads and levees in said parish.

The ninth section thereof provides that "it shall be the duty of the levee inspector to cause the levees in their respective districts to be rebuilt in accordance with the provisions of this ordinance; that he shall cause to be let out to the lowest bidder by the cubic yard the levee on every proprietor's front, after an advertisement of fifteen

days, by posting up in three conspicuous places in each district, of the time and place of selling the building of said levee; that the purchaser shall enter into a contract with the inspector and execute a bond with approved security in favor of the president of the police jury, or his successors in office, for one-third above the amount of his bid, to commence and proceed with the work without delay, and to complete it within the time specified in the contract, and on failure of the purchaser to comply with his contract in any particulars, the bond shall be forfeited, and it shall be the duty of the inspector to report the same to the president of the police jury, who shall proceed immediately to take the necessary steps to enforce the payment of the bond."

The ordinance further authorizes the inspector to receive the work when completed and to draw his drafts on the collector for the amount due the contractor.

The evidence in the record shows that the plaintiffs entered into the contract with the inspector' and constructed the levee which was received by him, and that the drafts were given for the price thereof in pursuance of the ordinance of the police jury to which we have referred.

The subsequent repeal of this ordinance or levee law, as the parties call it, did not affect the plaintiffs, who contracted with the inspector while it was in operation.

Whether the bond given for the faithful performance of the contract was stamped or not is immaterial. It was accepted by the defendant; it is not the basis of this action; the plaintiffs are merely claiming the fruits of the faithful execution of the contract, and are suing on the drafts which the inspector gave them in settlement of the price of the levee at the time he received it.

There is no force in the bill of exceptions taken to the ruling of the court in permitting the drafts sued on to be received in evidence; and the reasons of the judge in the other bill to which our attention has been directed, are sufficient to justify his ruling.

As to the want of authority in the police jury to authorize the construction of this levee, we will remark that act No. 312 of the acts of 1855, " An Act relative to roads and levees," declares " that the police juries of all the parishes of this State are authorized to pass all such ordinances as they may deem necessary relative to roads and levees, bridges and ditches." * * * * * * * *

But the defendant insists that all authority of parishes to construct levees is repealed by the act of the seventeenth of February, 1866, act No. 20 of that year, and entitled "An Act to confirm and ratify the appointment of levee commissioners provisionally made by the Governor of the State, and to continue their functions."

22

This act gave the Levee Commissioners "full power to let out the contracts for the building and repairs of all levees in the State, which, in their judgment, are necessary to protect the alluvial lands from being overflowed," and it gave the said board the "entire control and management of the levees let out by them," * * * and it repealed all laws contrary to the provisions of the act.

We do not think this law repealed entirely the act of 1855 to which we have referred, giving authority to police juries to construct or provide for the construction of levees. It merely did so only so far as the exercise of the power heretofore delegated to the parishes conflicted with the provisions of the statute of 1866.

In adopting the ordinance under which the plaintiffs contracted to build the levee which gave rise to their cause of action, we do not see that the police jury of Avoyelles in the least conflicted with the act of 1866, conferring certain powers upon the Levee Commissioners of the State; and we think they had the right to pass the ordinance under the act of 1855 to which we have referred.

The evidence in the record fully sustains the judgment of the court below.

Judgment affirmed.